**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117521

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| Hieseok Rhee, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Forster & Garbus, LLP, | |
| Defendant. | |

Hieseok Rhee, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Forster & Garbus, LLP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5.      Plaintiff Hieseok Rhee is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Forster & Garbus, LLP, is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 26, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

2

21.    The Letter conveyed information regarding the alleged Debt.

22.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.    The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

24.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25.    15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

26.    In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

27.    The Letter states in part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

28.    The Letter states, "1-877-207-5181    1-877-319-6846 Ext. 213    **Representative Name: ANY FGG REP**."

29.    The Letter further states, "Please mail all correspondence and payments to the address listed below."

30.    The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to the address listed below.

31.    The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

32.    A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

33.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

34.    The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

35.    The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

36.    The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

37.    The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

38.    The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

39.    The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

40.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.    While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

42.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

43.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

44.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

45.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

46.    The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

47.    The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to

4

Defendant at the address listed.

48.     The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

49.     The least sophisticated consumer would likely be uncertain as to her rights.

50.     The least sophisticated consumer would likely be confused as to her rights.

51.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

52.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53.     The least sophisticated consumer would likely be deceived by the Letter.

54.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

55.     Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

56.     The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).


## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

57.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.  *Clomon*, 988 F.2d at 1318.

61.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

62.     A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

63.     The Letter states, "One payment of $3,954.70, a savings of 25% which we shall expect by August 28, 2018."

64.     The Letter fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline.

65.     The Letter can be interpreted by least sophisticated consumer to mean that such payment must be mailed to the Defendant by the stated deadline.

66.     The Letter can also be interpreted by least sophisticated consumer to mean that such payment must be received by Defendant by the stated deadline.

67.     As a result of the foregoing, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

68.     Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. § 1692e and 1692e(10).

69.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. § 1692e and 1692e(10).

70.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

71.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72.     15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

73.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement

that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

74.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

75.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

76.     15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

77.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

78.     A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

79.     A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

80.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

81.     A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

82.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

83.     A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

Barshay
Sanders PLLC

84.     The Letter buries the required validation notice within its text.

85.     The required validation notice is contained in running text within the body of the Letter, in the same font size and color as the rest of the body of the Letter.

86.     The Letter further diverts attention to the capitalized, bolded, italicized, enlarged and underlined check payment information.

87.     The required validation notice, relative to other language in the Letter, is visually inconspicuous.

88.     The required validation notice cannot be readily discerned from the rest of the language in the Letter.

89.     The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

90.     The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

91.     The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

92.     The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

93.     The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

94.     The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

95.     The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

96.     The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

97.     The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

98.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

99.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

100.   The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

101.   The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

102.   The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

103.   The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

104.   The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

105.   The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

106.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

107.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

108.   A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

109.   A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

110.   A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

111.   Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

112.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692g(a)(2)

113.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

114.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

115.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

116.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must clearly convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

117.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

118.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must convey without ambiguity, from the perspective of the least sophisticated consumer, the name of the creditor to whom the debt is owed.

119.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the 15 U.S.C. § 1692g(a)(2) if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty in the eyes of the least sophisticated consumer.

120.    Merely naming an entity without specifically identifying the entity as "the creditor to whom the debt is owed" is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

121.    The Letter states, Original Creditor: Citibank, N.A.

122.    The Letter states, "Re>", followed by the name of: Portfolio Recovery Associates, LLC.

123.    Even though the Letter says that Citibank, N.A is the Original Creditor, it states "**Re> PORTFOLIO RECOVERY ASSOCIATES, LLC.**" (emphasis in original).

124.    The Plaintiff has never had an account with Portfolio Recovery Associates, LLC.

125.    The Plaintiff never directly transacted with Portfolio Recovery Associates, LLC.

10

126.    The Plaintiff never directly obtained any services from Portfolio Recovery Associates, LLC.

127.    The Letter stating, **Re> PORTFOLIO RECOVERY ASSOCIATES, LLC** (emphasis in original) would confuse the least sophisticated consumer as to the identity of the creditor.

128.    The Letter demands payment be made to Defendant.

129.    The Letter fails to indicate who referred the account to Defendant.

130.    The Letter fails to indicate who Defendant represents.

131.    The Letter fails to indicate who is Defendant's client.

132.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the owner of the alleged Debt as required by 15 U.S.C. § 1692g(a)(2).

133.    As a result of such failures, the least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

134.    As a result of such failures, the least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

135.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

136.    As a result of such failures, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

137.    As a result of such failures, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

138.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.


**<u>FIFTH COUNT</u>**
**<u>Violations of 15 U.S.C. §§ 1692e and 1692e(10)</u>**

139.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

140.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

141.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

142.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

143.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

144.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

145.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

146.    The identity of the creditor of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

147.    The identity of the creditor of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

148.    The identity of the creditor of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

149.    The identity of the creditor of a debt of a debt is a material piece of information to a consumer.

150.    Knowing the identity of the creditor of a debt affects how a consumer responds to a debt collector's attempts to collect the debt and where he transmits a request for validation of debt.

151.    Defendant failed to explicitly state the identity of the creditor of the alleged Debt.

152.    Defendant failed to clearly state the identity of the creditor of the alleged Debt.

153.    The least sophisticated consumer would likely be confused as to the identity of

12

the creditor of the alleged Debt.

154.    The least sophisticated consumer would likely be uncertain as to identity of the creditor of the alleged Debt.

155.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the creditor of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. §§ 1692e and 1692e(10).

156.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the creditor of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. §§ 1692e and 1692e(10).

157.    The least sophisticated consumer would likely be deceived by the Letter.

158.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

159.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

### SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

160.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

161.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

162.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

163.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

164.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

165.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

166.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

167.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

168.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

169.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

170.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

171.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

172.    The Letter states, "Please mail all correspondence and payments to the address listed below."

173.    The Letter contains multiple addresses in its body below, with no explanation as to which address is being referred to.

174.    The first address, located below in the Letter, is: 7 Banta Place · Hackensack, NJ 07601-5604.

175.    The second address, located below in the Letter, is: 60 Motor Parkway Commack, NY 11725-5710.

176.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

177.    The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

178.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

179.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

180.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

181.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

182.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

183.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

184.    The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

185.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

186.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

187.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

188.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

189.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

190.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

191.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

192.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

193.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

194.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

195.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

196.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

197.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

198.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

199.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

200.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

201.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

202.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

203.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

204.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

205.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

206.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

207.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

208.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

209.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

210.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

211.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the

multiple addresses provided.

212.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

213.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

214.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

215.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

216.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

217.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

218.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

219.    The Class consists of more than thirty-five persons.

220.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

221.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

18

Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

222.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

223.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendant's actions violate the FDCPA; and

d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: June 27, 2019

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117521